DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Norman Fischer, ) | |
| ) | CASE NO. 5:09 CV 315 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| Kent State University, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

I. Introduction

The plaintiff has filed a second amended complaint seeking money damages from the defendant Kent State University and two employees of Kent State University, Tiffany Murray and David Odell-Scott. (Doc. 22). The plaintiff alleges that he has been an employee of defendant Kent State as a Professor of Philosophy since January of 1974, and that he has been subjected to violation of his First Amendment rights, his right to due process and the deprivation of liberty. Continuing, the plaintiff alleges that he spoke on matters of public academic concerns, such as whether another professor should be promoted, and that as a result of his speech, he has been sanctioned.

Specifically, in his amended complaint in paragraph 18, the plaintiff alleges:

> The sanction consisted of requiring that Plaintiff attend an
> adaption session on racism with the Affirmative Action Office,
> removing Plaintiff until 2012 from all Ad Hoc Committees, some
> of which involved voting on candidates of lower rank; taking away
> his graduate facility status so that he would have no participation
> in the graduate program and was barred from teaching classes
> which he had taught since 1974; increasing his course load to
> maximum until 2012 and taking away his course release until

(5:09 CV 315)

> 2012, a release that enabled him to do scholarship since 1974.  The sanction also including [sic] placing in his permanent employment file Defendant Murray's February 13th, 2007 letter.  Said sanction severely damaged Plaintiff's career as a graduate teacher and had chilling effect on all future exercise of Plaintiff's free speech rights and academic freedom.

Counsel for the defendants has filed a motion for summary judgment (Doc. 28) contending that the plaintiff's separate complaint in the Court of Claims for Ohio alleging similar facts constitutes a waiver of his right to damages in this case.

The Court attaches a copy of the plaintiff's complaint in the Court of Claims as Appendix I.[1]  In the action in the Ohio Court of Claims, the plaintiff names Kent State University and, as individual defendants, Deborah C. Smith, Tiffany Murray and David Odell-Scott.

In paragraphs six and seven, the plaintiff alleges as follows:

> 6.  Defendants Smith, Murray and Odell Scott knowingly made false and malicious statement to Plaintiff's colleagues and peers labeling him a racist and creating a hostile workplace.
>
> 7.  Defendant Kent State intentionally violated Ohio Revised Code Section 1347.10 by intentionally using and withholding Plaintiff's information regarding Defendant Murray, Defendant Smith and Defendant Odell-Scott's statements labeling him a racist and creating a hostile workplace.

Thereafter, the plaintiff alleged the intentional infliction of emotional distress in Count I, defamation in Count II, a violation of Ohio Revised Code § 1347.10 in Count III, and a violation

---

[1] The name in the complaint in the Court of Claims is listed as Fisher which is in contrast to the plaintiff's name as set forth in the complaint in this case, Fischer.  The Court expresses no opinion as to which spelling of the plaintiff's last name is correct, but the Court finds that regardless of the spelling, the plaintiff in this case is the same person that is the plaintiff in the Ohio Court of Claims.

(5:09 CV 315)

of Ohio Revised Code 149 in Count IV.

In the plaintiff's second amended complaint in this action, the following declaration is contained:

> 1. Plaintiff is a citizen of the United States and a resident of the City of Kent, Ohio, with claims of violation of First Amendment rights, violation of Due Process, and deprivation of liberty against Defendants.  <u>(Plaintiff has filed a similar action in the Ohio Court of Claims and is in the process of dismissing that action.</u>  (Emphasis added).

## II.  The Defendants' Motion for Summary Judgment

The defendants contend, in support of their motion for summary judgment, that the act of the plaintiff filing a separate cause of action in the Ohio Court of Claims constitutes a complete waiver of his right to proceed against Kent State University and its employees in this court.

The plaintiff's brief in opposition for the motion for summary judgment (Doc. 31) does not address the issue of waiver.

## III.  Conclusion

Ohio Revised Code Section 2743.02(a)(1) provides in relevant part as follows:

> Filing a civil action in the Court of Claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any officer or employee, as defined in Section 109.36 of the Revised Code.  The waiver shall be void if the Court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

The defendants' reliance on the decision in *Leaman v. Ohio Dept. Mental Retardation & Developmental Disabilities*, 825 F.2d 946 (6th Cir. 1987) (en banc), cert. denied 487 U.S. 1204

(5:09 CV 315)

(1988) supports the defendants' motion for summary judgment.

As indicated in the defendants' motion for summary judgment, whether the plaintiff's action in the Ohio Court of Claims is dismissed or still pending is irrelevant, as the waiver is complete upon filing. *See Higginbotham v. Ohio Dep't of Mental health*, 412 F. Supp.2d 806, 812 (S.D. Ohio 2005), where the court held:

> According to Plaintiff, because she first filed with the Court of Claims, voluntarily dismissed, and then filed in federal court, *Leaman* does not apply. While Plaintiff's case does differ from that in *Leaman* in this respect, neither the court in *Leaman* nor Ohio Rev. Code § 2743.02 in any way restricts its application to those situations in which a plaintiff has filed in the Court of Claims and federal court simultaneously. Therefore, Plaintiff's filing in the Court of Claims constituted a complete waiver of any state or federal claims against the individual employees.

The Court finds that the allegations in plaintiff's complaint in this case and the allegations in the plaintiff's action in the Ohio Court of Claims are similar, and as a consequence, the defendants' motion for summary judgment must be granted.

In granting summary judgment on the basis of waiver, the Court makes no ruling on the merits of plaintiff's complaint.

IT IS SO ORDERED.


 June 18, 2010                                          */s/ David D. Dowd, Jr.*
Date                                                   David D. Dowd, Jr.
                                                       U.S. District Judge

4